IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| EMERALD LOGISTICS, INC., | : |
| Plaintiff, | : Case No. 2:07-CV-1112 |
| v. | : |
| | : JUDGE ALGENON L. MARBLEY |
| THOMAS R. CRUTCHER, *et. al.*, | : Magistrate Judge Norah M. King |
| Defendants. | : |

## OPINION & ORDER

### I. INTRODUCTION

This matter is before the Court on Defendants Thomas R. Crutcher and Thomas F. Crutcher's (collectively "the Crutchers") Motion to Dismiss or Stay Plaintiff Emerald Logistics, Inc.'s, ("Emerald") breach-of-contract suit on account of parallel state litigation. For the reasons set forth below, the Court **GRANTS** Defendants' Motion to Stay the case pending the resolution of parallel state proceedings.

### II. BACKGROUND

On November 16, 2005, the Crutchers sold their Tennessee company, Three Rivers Trucking, to Emerald Logistics, an Ohio corporation, for $3.5 million. Emerald paid the Crutchers $1 million at closing and tendered a promissory note for the balance. The Stock Purchase Agreement governing the sale contained a forum selection clause requiring the parties to litigate all disputes in Franklin County, Ohio. As part of the deal, Emerald hired Thomas R. Crutcher to manage its Tennessee operations and leased property from Thomas F. Crutcher to serve as a terminal.

The deal soon collapsed. Emerald accused the Crutchers of misrepresenting the company's safety rating, liabilities, accident history, accounting practices, and the value of its assets. Emerald then fired Thomas R. Crutcher for allegedly violating the non-compete clause of his employment contract. The Crutchers promptly sued Emerald for breach of contract and unjust enrichment in the Circuit Court of Tennessee for Henry County on March 14, 2006. Emerald answered the complaint and asserted a counterclaim against the Crutchers for equitable relief and breach of contract. Notably, Emerald did not object to the venue in its answer. The parties then conducted discovery, slowed by a criminal investigation of Emerald's owners Jim Pack and Andrew J. Hart. In September 2006, two months before trial, Emerald fired its attorneys, necessitating a continuance.

On October 25, 2007, almost a year and a half after the Crutchers sued Emerald in Tennessee state court, Emerald brought this breach-of-contract action against them in federal court in the Southern District of Ohio. Emerald concurrently moved to dismiss the Tennessee action for improper venue on account of the forum selection clause in the Stock Purchase Agreement. The Tennessee court denied this motion because Emerald failed to object to venue in its first responsive pleading as required by Tennessee Rules of Civil Procedure 12.02 and 12.08. The Tennessee court rescheduled trial for March 2009. Accordingly, the Crutchers now petition this Court to either dismiss or stay this action on account of the parallel state proceedings.

## III. STANDARD OF REVIEW

"Abstention is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it." *Caudill v. Eubanks Farms, Inc.*, 301 F.3d 658, 660

(6th Cir. 2002). As a general rule, a federal court need not dismiss or stay an action on account of parallel state court proceedings. *See Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 495 (1942). The rationale is simple. Requiring abstention "would give litigants a powerful tool to keep cases out of federal court or remove cases to state court simply by filing a parallel suit in state court." Erwin Chemerinsky, *Federal Jurisdiction*, § 14.2 (5th ed. 2007). Further, frequent abstention on account of parallel state litigation "favors state courts over federal courts—a presumption inconsistent with Congress's creation of federal jurisdiction and one that is not supported by any statutory authority." *Id.*

But in *Colorado River Water Conservation District v. United States*, the Supreme Court created a "narrow exception" to the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." 424 U.S. 800, 818 (1976). The Court held that in certain circumstances, the principles of wise judicial administration, conservation of judicial resources, and comprehensive disposition of litigation may warrant abstention on account of parallel state litigation. *Id.* at 817. The Court recognized that duplicative litigation is wasteful, especially considering that in many cases, the first court to render a judgment will divest the other court of jurisdiction because of res judicata. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Co.*, 460 U.S. 1, 25 (1983). That said, abstention on account of parallel state litigation is only appropriate in "truly exceptional circumstances." *Id.*

### IV. LAW & ANALYSIS

The Crutchers move to stay or dismiss this litigation pending resolution of the parallel proceedings in Tennessee state court. As a threshold matter in a *Colorado River*-abstention inquiry, the Court must first determine whether the state court proceedings are in fact parallel.

*PaineWebber, Inc. v. Cohen*, 276 F.3d 197, 207-08 (6th Cir. 2001); *Crawley v. Hamilton County Comm'rs*, 744 F.2d 28, 31 (6th Cir. 1998). If so, the Court must then carefully balance the *Colorado River* factors, "with the balance heavily weighted in favor of the exercise of jurisdiction." *Great Earth Co., Inc. v. Simons*, 288 F.3d 878, 886 (6th Cir. 2002).

### A. PARALLEL PROCEEDINGS

The threshold question in a *Colorado River* case is whether there are parallel proceedings in state court. *Bates v. Van Buren Tp.*, 122 F. App'x. 803, 806 (6th Cir. 2004). To be considered parallel, the state court proceedings need only be "substantially similar," not identical. *Romine v. Compuserve Corp.*, 160 F.3d 337, 340 (6th Cir. 1998). Here, the Tennessee state court proceedings are truly duplicative of those in this Court. In the Tennessee action, the Crutchers sued Emerald for: breach of the lease agreement; failure to pay the interest on the outstanding promissory notes; breach of the employment contract for terminating Thomas R. Crutcher; indemnification for a debt incurred on a line of credit when Emerald refused to pay Comdata Corporation, a fuel provider; and breach of a personal guarantee on the promissory notes.

Emerald denied any wrongdoing and counterclaimed that the Crutchers breached the contracts at issue and defrauded it by misrepresenting facts material to the value of Three Rivers Trucking. Emerald further alleged that it terminated Thomas R. Crutcher for breaching the non-compete clause of his employment action. By comparison, in this action, Emerald alleges the exact same claims: fraud, breach of the Stock Purchase Agreement, and breach of the employment contract. In short, the same parties are litigating the same issues in both forums.

Emerald contends that the proceedings are not parallel because the state court litigation does not include its claim under the Federal Motor Carrier Act, 49 U.S.C. 31131 *et seq.* It does,

-4-

Emerald raised its allegation that the Crutchers failed to disclose that the Federal Motor Carrier Safety Administration downgraded the safety rating of the Three Rivers Trucking's fleet in both its answer and counterclaim in the Tennessee proceedings. Emerald's contention that the state suit does not include this claim is facially false. The Sixth Circuit has stated that "[e]xact parallelism is not required; it is enough if the two proceedings are substantially similar." *Romine*, 160 F.3d at 340. Here, both cases are virtually identical and thus easily clear this threshold.[1]

### B. *COLORADO RIVER* FACTORS

Having determined that the federal and state court proceedings are indeed parallel, the Court must now balance the *Colorado River* factors: (1) whether the state court has assumed jurisdiction over any res or property; (2) the convenience of the federal forum; (3) the avoidance of piecemeal litigation; (4) the order in which the state and federal proceedings were filed; (5) the relative progress of the state and federal litigation; (6) whether the claims present a federal question; (7) the adequacy of the state forum to protect the rights of the federal plaintiffs; and (8) the presence or absence of concurrent jurisdiction. *Romine*, 160 F.3d at 340-341. The Supreme Court has cautioned that "[n]o one factor is necessarily determinative; [rather,] a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counselling against that exercise is required." *Colo. River*, 424 U.S. at

---

[1] The Tennessee action also contains a claim by a plaintiff Debbie Dillard, a guarantor for the line of credit used to pay Three Rivers Trucking's fuel provider when Emerald allegedly failed to honor its debt. This claim is peripheral to the underlying dispute between the parties regarding their respective obligations under the Stock Purchase Agreement, lease, and employment contract. "There is also no requirement that the parties in the state court proceedings be identical to those in the federal case." *Heitmanis v. Austin*, 899 F.2d 521, 528 (6th Cir. 1990). Despite Dillard's claim in the Tennessee case, both proceedings are parallel.

819. Here, the relative inconvenience of the federal forum, the danger of piecemeal litigation, the advanced nature of the proceedings in state court, the absence of a federal issue, the adequacy of the Tennessee forum to protect Emerald's rights, and the presence of concurrent jurisdiction militate strongly in favor of abstention.[2]

### 1. Convenient Forum

Tennessee is a more convenient forum for most of the witnesses in this case. At the core of both proceedings is whether the Crutchers misrepresented the value of Three Rivers Trucking's assets, liabilities, accident history, accounting practices, and safety rating. Also in dispute is whether the Crutchers violated the non-compete clauses of the Stock Purchase Agreement and employment contract by soliciting business from Emerald's customers following the sale. Three Rivers Trucking is based in Tennessee, which is a more convenient forum for the company's drivers, mechanics, accountants, employees, and customers whose testimony will be critical to resolving these questions.

### 2. Piecemeal Litigation

The avoidance of piecemeal litigation likewise favors abstention. *See Moses H. Cone*, 460 U.S. at 19 (noting that "the paramount consideration" in *Colorado River* was "the danger of piecemeal litigation"). "Piecemeal litigation occurs when different courts adjudicate the identical issue, thereby duplicating judicial effort and potentially rendering conflicting results." *Romine*, 160 F.3d at 341. Here, both cases are essentially identical. The issue is whether the Crutchers misrepresented or omitted material facts regarding Three Rivers Trucking in connection with the company's sale and whether this was sufficient to release Emerald from its obligations under the

---

[2] There is no res or property at issue in this litigation.

Stock Purchase Agreement, the lease, and the employment contract. Litigation on parallel tracks would thus inevitably lead to piecemeal results.

It would be especially wasteful to simultaneously litigate this dispute in two forums considering that the Tennessee court will almost certainly render a judgment first and thereby deprive this Court of jurisdiction to resolve the matter because of res judicata. *Atl. Coast Line R.R. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281 (1970). But this is not the only cost. The race to judgment also creates perverse incentives for each party "to accelerate or stall proceedings in one of the forums in order to ensure that the court most likely to rule in its favor will decide a particular issue first." *LaDuke v. Burlington N.R.R.*, 879 F.2d 1556, 1560 (7th Cir. 1989). Further, dual-track proceedings "that are the product of gamesmanship or that result in conflicting adjudications" threaten the "legitimacy of the court system in the eyes of the public and fairness to the individual litigants." *Lumen Const., Inc. v. Brant Const. Co., Inc.*, 780 F.2d 691, 694 (7th Cir. 1985). Avoidance of piecemeal litigation clearly favors abstention.

### 3. Relative Progress of the Proceedings

The fact that the Crutchers brought the Tennessee case over a year and a half *before* Emerald filed this action in federal court also favors abstention. *See Bates*, 122 F. App'x. at 807 (affirming abstention on account of parallel state litigation because, among other reasons, the state court took jurisdiction of the parallel case almost two years before the plaintiff brought the federal suit). But in a *Colorado River*-abstention inquiry, "priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." *Moses H. Cone*, 460 U.S. at 21; *see also Bates*, 122 F. App'x. at

807 (noting that the "focus in [*Colorado River* cases], once [the Court] has found that a parallel state proceeding exists, has been on the relative progress of the state and federal proceedings").

In this case, the state court proceedings are much farther advanced than those in federal court. In the Tennessee action, Circuit Court Judge Donald E. Parish has denied Emerald's motion to dismiss, the parties have concluded discovery, all relevant witnesses will be deposed by December 2008, and trial will commence on March 30, 2009. By contrast, the federal proceedings are in their incipient stages. The Crutchers have yet to even file an answer. This is significant because the Tennessee court may very well render a judgment on the merits before this litigation advances past discovery. To proceed for nine months only for a parallel state litigation to deprive this Court of jurisdiction is truly an exercise in futility.

Sixth Circuit "precedents support the conclusion that the substantial difference in the relative advancement of the state and federal proceedings justifies abstention." *Bates*, 122 F. App'x. at 807. In *Romine*, the district court abstained because the state court proceedings were well into the discovery process and the presiding state judge had entered several orders. 160 F.3d at 342. By contrast, the federal action was still in the initial pleadings stage. *Id.* The Sixth Circuit affirmed, holding that the advanced nature of the state proceedings "weighs strongly in favor of [abstention]." *Id.* at 341. *Romine* is directly on point. Here, the parties were within two months of proceeding to trial in state court before Emerald fired its attorneys, necessitating a continuance. The Tennessee court has ruled on a dispositive motion and the parties have concluded discovery. By comparison, proceedings in the federal forum have not progressed beyond the initial pleadings, strengthening the case for abstention.

### 4. Federal Issues

Emerald contends that abstention is inappropriate because one of its claims presents a federal question necessitating adjudication by a federal court. The Supreme Court has cautioned that "the presence of federal law issues must always be a major consideration weighing against [abstention]." *Moses H. Cone*, 460 U.S. at 26. Emerald alleges that the Crutchers' violated the Federal Motor Carrier Act, 49 U.S.C. 31131 *et seq.* (the "Carrier Act"), by failing to maintain their trucks in accordance with the standards set forth by the Federal Motor Carrier Safety Administration (the "Administration"). As a result, the Administration downgraded Three Rivers Trucking's safety rating from "satisfactory" to "conditional." Emerald claims that because the Crutchers did not disclose this downgrading, it overpaid for the trucking company. Emerald argues that the Carrier Act claim presents a federal question which precludes abstention. The Court disagrees.

Emerald's Carrier Act claim does not present a federal issue. Nor does it require the application or interpretation of the Act's statutory safety standards. Rather, the inquiry is simply whether the Administration downgraded Three Rivers Trucking's rating and if so, whether the Crutchers disclosed or had a duty to disclose this to Emerald. In other words, Emerald's alleged injury did not arise from Three Rivers Trucking's failure to comply with the Carrier Act, but from the Crutchers' alleged failure to disclose the fleet's safety rating in conjunction with the sale of their company. Emerald's Carrier Act claim is no more than a fraud or breach-of-contract claim to be adjudicated under state law. Federal law is entirely peripheral to this case and the state forum is perfectly suited to safeguard Emerald's rights.[3]

---

[3] In addition, the Supreme Court has stated that "the source-of-law factor has less significance . . . [where] the federal courts' jurisdiction to [the statutory rights in question] is concurrent with that of the state courts." *Moses H. Cone*, 460 U.S. at 26. In this case, the

### 5. Forum Selection Clause

Finally, Emerald contends that abstention is inappropriate because the forum selection clause in the Stock Purchase Agreement renders the Tennessee forum an improper venue to litigate this dispute. This is neither persuasive nor relevant. First, Emerald failed to object to venue in its first responsive pleading as required by applicable Tennessee Rules of Civil Procedure. "Because venue requirements are premised on notions of convenience rather than on decisions reflecting the constitutional limitations on a given court's power, objections to the venue of a particular court are waived if not asserted promptly." Jack H. Friedenthal, Mary Kay Kane & Arthur R. Miller, *Civil Procedure* § 2.15 (3d ed. 1999); *see also Neirbo Co. v. Bethlehem Shipbuilding Corp.*, 308 U.S. 165 (1939). By litigating the case for over a year and a half, Emerald waived any objection to Tennessee as an appropriate venue.

But more importantly, the forum selection clause is irrelevant to our inquiry. The forum selection clause goes to whether Tennessee is a proper venue, not to whether this Court should abstain. Notably absent from the *Colorado River* inquiry is a determination regarding the validity of jurisdiction and venue in state court. Not only would such second-guessing dent the spirit of comity, but it would also be futile because a federal court cannot enjoin a state court proceeding even if it determined that venue was improper. *See Atl. Coast Line R.R.*, 398 U.S. at 287. The propriety of venue in the Tennessee action is therefore both assured and decidedly irrelevant to this abstention inquiry.

### C. DISMISSAL VS. STAY

---

Tennessee court has concurrent jurisdiction to adjudicate Emerald's Carrier Act claim. The source-of-law factor has therefore much less significance than Emerald suggests.

-10-

Having found that abstention is appropriate, the Court will stay rather than dismiss this case. *See Bates*, 122 F. App'x. at 808; *Holmes Fin. Assoc., Inc. v. Resolution Trust Corp.*, 33 F.3d 561, 562 (6th Cir. 1994). A stay "lessens concerns over the statute of limitations, enables the parties to return to the judge who is already familiar with the case, and generally protects all the rights of the parties without imposing any additional burden on the district court." *Bates*, 122 F. App'x. at 808 (citing *LaDuke*, 879 F.2d at 1561-62). Further, a stay "permits the federal court to retain jurisdiction in case the state court action does not meet its anticipated end . . . [and brings] the case back before the same federal judge if a determination is needed as to the preclusive effects of the state judgment or decisions." *Lumen Constr., Inc. v. Brant Constr. Co.*, 780 F.2d 691, 698 (7th Cir. 1985). Any party that still has a claim for which it is entitled to a federal forum and is not barred by res judicata may therefore return upon conclusion of the state court proceedings.

## V. CONCLUSION

For the reasons above, the Court **GRANTS** Defendants' Motion to Stay the case pending the resolution of the Tennessee state proceedings.

**IT IS SO ORDERED.**

                                            s/Algenon L. Marbley
                                            **ALGENON L. MARBLEY**
                                            **UNITED STATES DISTRICT JUDGE**

**DATED: August 25, 2008**